UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　　　No. 03-4142

ALLEN ROBINSON, a/k/a "A",
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-248)

Submitted: November 19, 2003

Decided: December 8, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Bruce W. Bannister, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Allen Robinson appeals his conviction based on a written plea agreement and sentence on a charge of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (2000). After conducting a thorough Fed. R. Crim. P. 11 colloquy, the district court accepted Robinson's plea, and subsequently sentenced him to 188 months' imprisonment, five years of supervised release, and a $100 special assessment. Robinson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming the facts supporting Robinson's plea were insufficient, and challenging Robinson's guilty plea and his career offender enhancement under USSG § 4B1.1(B), but concluding that there are no meritorious grounds for appeal. Robinson filed a *pro se* supplemental brief claiming the government breached his plea agreement by failing to make a Fed. R. Crim. P. 35(b) motion on his behalf, and challenging the indictment. In accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal.

We find no merit to Robinson's specific claims on appeal. There were sufficient facts supporting Robinson's guilty plea, including a statement from one of Robinson's co-conspirators implicating Robinson in the cocaine conspiracy. Moreover, the district court complied with the mandates of Fed. R. Crim. P. 11, and Robinson was fully apprised of the crime to which he pled guilty, the rights he was waiving by pleading guilty, the specific terms of the plea agreement, including the fact that the government had complete discretion regarding whether it would make a Rule 35(b) motion on Robinson's behalf, and the sentence he faced. Robinson's plea colloquy reveals that his plea was knowingly and voluntarily entered into.

Moreover, Robinson satisfied the criteria for career offender enhancement under USSG § 4B1.1(B). Robinson was sentenced

within a properly calculated guidelines range and consistent with statutory and constitutional law.

Finally, Robinson asserts that his indictment was defective. We find Robinson's challenge to the time frame in the indictment to be without merit because the indictment charges facts which show that the offense was committed within the statutory period of limitations. *United States v. Young*, 862 F.2d 815, 818-19 (10th Cir. 1988). Robinson's challenge to the indictment's failure to identify "persons unknown" is specious. Moreover, even if there were error, Robinson's guilty plea effected a waiver of all non-jurisdictional defects in the indictment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Our review of Robinson's indictment reveals that it is valid. *See United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003).

Accordingly, we affirm Robinson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*